```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA              JUDGMENT INCLUDING SENTENCE
         -v-                          UNDER THE SENTENCING REFORM ACT
SEWA AGBODJAN                         CASE NUMBER:CR-05-203 (ARR)
-----------------------------------x  MILDRED M. WHALEN, ESQ
                                      16 COURT STREET, 3rd FL.
                                      BROOKLYN, NEW YORK 11241
                                      Defendant's Attorney & Address
```

THE DEFENDANT:
XXX pleaded guilty to count one of the indictment.
___ was found guilty on counts                          after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 960(a)(1) & 960(b)(3) | IMPORTATION OF HEROIN. | ONE (1) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)         and is discharged as to such count(s).
XXX Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # NONE                    JULY 12, 2005
                                               Date of Imposition of Sentence
Defendant's Date of Birth 1/12/69

Defendant's Mailing Address:                   ALLYNE R. ROSS, U.S.D.J.

CITE MAM N'DANIDA                              JULY 12, 2005
BP 66185                                       Date
LOME,TOGO
                                               A TRUE COPY ATTEST
Defendant's Residence Address:                 Date:_____
                                               ROBERT C. HEINEMANN
     ( SAME AS ABOVE )                         CLERK OF COURT

                                               By:_____

                                                    DEPUTY CLERK

Defendant: SEWA AGBODJAN
Case Number: CR-05-203(ARR)

Judgment - Page      of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty seven (27) months.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

Defendant: SEWA AGBODJAN
Case Number: CR-05-203(ARR)

Judgment - Page   o1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFTS SHALL NOT POSSESS ANY FIREARMS.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: SEWA AGBODJAN  
Case Number: CR-05-203(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: SEWA AGBODJAN
Case Number: CR-05-203(ARR)

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ __100.00__ , consisting of a fine of $__N/A__ and a special assessment of $__100.00__ .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

Agbodjar

<08">

THE COURT: Well, let me say that a factor that stands out in my mind in this case really is the family circumstances. I realize it not corroborated but he can't find his family. They weren't where they used to be, what is he going to do?

Whether or not he lied when he was arrested, I have no particular reason to disbelieve the fact of his 75-year-old father and taking care of his siblings and his wife and his two children, simply no reason to disbelieve that. I agree that caution is appropriate and I agree that the crime is a serious one and warrants a serious sentence. But I do think that taking into consideration the family circumstances which I do think are albeit uncorroborated somewhat extraordinary in this case that a sentence below the guidelines would be appropriate.

And I realize that it is difficult with a family circumstances situation to determine precisely what to do. By the same token I believe Ms. Whalen has appropriately expressed whatever can be done will help in the long run even if it's not very much.

So I'm going to sentence Mr. Agbodjan to the custody of the Attorney General for a period of 27 months to be followed by a three-year period of supervised release with the special condition that if excluded, he not illegally reenter the United States. I prohibit the possession of a firearm.

1    I make a finding he is unable to pay a fine but I
2 will impose the mandatory $100 special assessment.
3    Are there any open counts?
4    MR. WILLIAMS: Yes, your Honor. At this time the
5 government moves to dismiss.
6    THE COURT: The motion is granted.
7    Mr. Agdodjan, there are circumstances in which a
8 defendant may appeal the sentence; I don't know that it's
9 going to apply in your case but you discuss it with Ms.
10 Whalen. If you choose to appeal, a notice of appeal must be
11 filed within ten days and an attorney would represent you on
12 appeal.
13    (The matter was concluded.)